UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-35** |
| **SENTEL SUTHERLAND** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Sentel Sutherland's *pro se* Motion for Early Termination of Probation (Doc. 696).

On August 18, 2021, the Court sentenced Defendant to a five-year term of probation, with the first 12 months to be served on home detention, after Defendant pleaded guilty to conspiracy to distribute cocaine. Defendant's sentence was a downward variance. On April 1, 2025, Defendant moved for early termination of his probation. Defendant contends that he has maintained employment, received recognition as employee of the month several times, and that there are employment opportunities that he is not able to explore because of his probationary status. The Government has opposed Defendant's request.

Pursuant to 18 U.S.C. § 3564(c), a district court may terminate a term of probation at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history,

1

public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of probation.[2] "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has failed to identify any "changed circumstances" or "exceptionally good behavior" warranting early termination of his probation. "[C]ompliance with the terms of probation does not necessarily equate to 'exceptionally good behavior' justifying early termination."[4] Indeed, "such conduct is expected and required."[5] Further, Defendant does not provide any evidence or explanation to support his contention that there are employment opportunities that he cannot pursue because of his probationary status. The Court finds that given the nature of Defendant's offense and the downward variance he has already received, continued supervision is appropriate.

Accordingly;

**IT IS ORDERED** that early termination of probation is not warranted, and Defendant's Motion is **DENIED**.

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United State v. Reed, No. CR 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020).

[4] *Id.*

[5] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

2

New Orleans, Louisiana this 29th day of April, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**